1:26-cv-05296-CM Document 12 Filed 07/21/26 Page 1 of 3

extension granted.

7/22/2026

July 21, 2026

Alexander D. Walsdorf
Associate
alex.walsdorf@klgates.com

T +1 212 536 4020

Via ECF

**Re:** ***Stealth Consulting Management, Inc. v. Viking Data Centers LLC, et al.*, Case No. 26-cv-5296-CM**

**Letter Motion for Extension of Time to Respond to Complaint**

Dear Judge McMahon:

We have recently been engaged to represent Defendants Viking Data Centers, LLC ("Viking"), Wen Xiao Li, Anna Bergljot Wathne, Soffia Wathne, and Kazim Tahir-Kheli in the referenced case. We are also in the process of being engaged to represent the remaining defendant, Stefan Wathne. We write to request a 60-day extension for Defendants to respond to the Complaint, which (as detailed below) was not properly served. Defendants conferred with Plaintiffs today and advised them of the deficient service and offered to agree to waive service in exchange for the customary 60-day extension in their time to respond. Unfortunately, Plaintiffs conditioned their consent on improper bases, including that Defendants enter into a stipulation agreeing to hold certain funds in escrow and waive all jurisdictional defenses. For the reasons addressed herein, Defendants respectfully request a 60-day extension to respond to the Complaint. This is Defendants' first request for an extension. The extension does not impact other scheduled dates.

**The Complaint**

On June 24, 2026, Plaintiffs filed the Complaint (ECF No. 4), asserting five claims against Defendants for, *inter alia*, breach of contract, unjust enrichment, and promissory estoppel. Among other things, Plaintiffs allege that an unsigned agreement is binding as to Viking, and that Plaintiffs have the right to receive a portion of the proceeds of a future sale of Viking if consummated. In short, Plaintiffs claim that *if* a sale of Viking is successfully completed, then Plaintiffs will be entitled to $18,060,000 of compensatory damages. There are no factual allegations supporting the exercise of personal jurisdiction over any Defendant in this Court.

**The Purported Service of the Complaint on Defendants**

On July 16, 2026, Plaintiffs filed a "certificate of service" (ECF No. 10), purporting to demonstrate that service was made on Viking, Kazim Thair-Kheli, Wen Xiao Li, and Stefan Wathne on June 30, 2026. According to the certificate, the time for these Defendants to respond to the complaint is July 21, 2026.[1]

**1) Defective Service on Defendants**

Plaintiffs did not properly serve Defendants.[2]

**Viking**

Viking is a Delaware limited liability company registered as a foreign LLC in Ohio, and its sole member, Soffia Wathne, resides in New York City. (*See* Complaint, ECF No. 4, ¶ 6). Under CPLR 311-A, service on an LLC must be made personally on a member, manager, authorized agent, or other designated recipient.

Plaintiffs' certificate states that Viking was served by leaving the Summons and Complaint with a security guard at a Viking-operated datacenter in Akron, Ohio. (ECF No. 10). That was insufficient: the security guard is not a member, manager, authorized agent, or designated recipient, and Plaintiffs did not serve either Soffia Wathne or Viking's registered agent, The Corporation Trust Company. Nor did Plaintiffs otherwise comply with Limited Liability Company Law § 304(b) (service of process on unauthorized foreign limited liability companies). Viking therefore has not been properly served.

**The Individual Defendants**

Wen Xiao Li and Stefan Wathne do not reside in the United States, and Kazim Tahir-Kheli resides in Florida. (*See* Complaint, ECF No. 4, ¶¶ 5, 8–9). Although CPLR 313 permits service on out-of-state individuals in the same manner as in-state service, it applies only to persons subject to New York jurisdiction. The Complaint alleges no facts supporting personal jurisdiction over these Defendants.

In any event, Plaintiffs again rely on delivery to the security guard at the Akron facility. (ECF No. 10). But CPLR 308(2) permits such service only at the person's *actual place of business*, meaning a place where the defendant regularly transacts business or where there is a clear indication of the work performed there. *Velez v. Vassallo*, 203 F. Supp. 2d 312, 323 (S.D.N.Y. 2002). Plaintiffs have not shown that the Akron facility is any individual Defendant's actual place

[1] The certificate of service does not purport to demonstrate that service has been made on the remaining defendants, Soffia Wathne and Anna Bergljot Wathne.

[2] Rather than discuss the merits of their position that service is supposedly effective, Plaintiffs' counsel falls back on the position that he sent a copy of the Complaint via email to at least one of the Defendants, and therefore service is effective. That is not the law.

Case 1:26-cv-05296-CM Document 12 Filed 07/21/26 Page 3 of 3

of business, particularly where those Defendants reside outside Ohio. Service on the individual Defendants was therefore defective.

**2) Defendants Agreed to Waive Service, But Plaintiffs Refused for Improper Reasons**

On July 21, 2026, the undersigned attorney for Defendants telephoned counsel for Plaintiffs. On that call, Defendants explained that service was defective, but offered to waive service for all Defendants—including all foreign Defendants—in exchange for 60 days to respond to the Complaint. However, Plaintiffs would only consent to the 60-day extension if Defendants agreed to enter into a stipulation that, in the event of any sale of Viking, Defendants would place $18 million in escrow, corresponding to the purported value of Plaintiffs' claims. However, Defendants do not agree to condition their agreement to waive service on voluntarily granting what amounts to a prejudgment attachment.

Plaintiffs also offered an alternative: they would agree to a 60-day extension if Defendants agreed to waive all service *and jurisdictional* defenses. Defendants likewise do not agree to waive jurisdictional defenses, but do agree to waive improper service.

**Conclusion**

For the reasons stated above, Defendants have not been properly served. However, Defendants agree to waive service in exchange for a 60-day extension to respond to the Complaint. Plaintiffs, though, refuse to agree to an extension for improper reasons. As such, Defendants' request that the Court grant a 60-day extension.

Sincerely,

*/s/ Alexander D. Walsdorf*

Alexander D. Walsdorf

599 Lexington Avenue
New York, New York 10022
Phone: 212-536-3900
alex.walsdorf@klgates.com

*Attorneys for Defendants*

July 21, 2026